## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

---

ARIEL RIVERA,                        CASE NO.   2:19-cv-01221-JS
          Plaintiff,

vs.

TRANSUNION RENTAL SCREENING
SOLUTIONS, INC.,
     Defendant.

---

### TRANS UNION RENTAL SCREENING SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

---

Trans Union Rental Screening Solutions, Inc. ("TURSS"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows.   For the Court's convenience, Plaintiff's allegations are set forth verbatim with TURSS's responses immediately following.

1.   This is a lawsuit for damages brought by an individual consumer for Defendant(s') alleged violations of the Fair Credit Reporting Act (FCRA), and the Fair and Accurate Credit Transaction Act (FACTA), 15 U.S.C. [sic] 1681, et seq.

**ANSWER:**  TURSS denies that it violated the FCRA (or any other law).  TURSS denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against TURSS.  TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

2.  Plaintiff is Ariel Rivera, an adult individual with a current address of 75 City Mill Road, Lancaster, PA  17602.

**ANSWER:**  TURSS states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

3.  Defendant is TransUnion Rental Screening Solutions, Inc., with a business address including but not limited to 6430 South Fiddlers Green Circle, Suite 500, Greenwood Village, CO 80111.

**ANSWER:** TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

**COUNT ONE: Violation of the Fair Credit Reporting Act and the Fair and Accurate Credit Transactions Act, 15 USC [sic] 1681 et. seq. Failure to Redact First Five Digits of Plaintiff's Social Security Number**

4.  All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

**ANSWER:** TURSS reasserts its answers and responses set forth herein.

5.  At all times mentioned herein Plaintiff was a consumer as defined by 15 USC [sic] 1681.

**ANSWER:** TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6.  At all times mentioned herein Plaintiff was a person as defined by 15 USC [sic] 1681a(c).

**ANSWER:** TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

7.  At all times mentioned herein Plaintiff was an individual as defined by 15 USC [sic] 1681a(c).

**ANSWER:** TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

8.  At all times mentioned in this Complaint, Defendant(s) maintained a "file" on Plaintiff as defined by 15 USC [sic] 1681(a)(d) et. seq.

**ANSWER:** TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

9.  At all times mentioned in this Complaint, Defendant(s) was acting as a "consumer Reporting Agency" (CRA) as defined by 15 USC [sic] 1681a(f) as follows.

**ANSWER:** TURSS admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* TURSS states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

10.  Prior to the commencement of this action Plaintiff contacted Defendant(s) in writing and requested a copy of the information contained in Plaintiff's consumer file which was maintained by Defendant(s). Plaintiff requested Plaintiff's file disclosure from Defendant, Plaintiff requested in writing that Defendant(s) redact the first five digits of Plaintiff's consumer disclosure. See attached exhibits.

**ANSWER:** TURSS states that the documents identified as "attached exhibits" speak for themselves. TURSS states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). TURSS states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

11.  Pursuant to 15 USC [sic] 1681g(a)(1)(A), Defendant(s) was/were required to redact the first five digits of Plaintiff' [sic] Social Security number on Plaintiff's disclosure because Plaintiff specifically requested Defendant(s) to do so at the time that Plaintiff requested the consumer report from Defendant(s).

**ANSWER:** TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

12.   Defendant was required to redact Plaintiff's Social Security number on the disclosure even though the consumer report was given directly to the consumer, and not intended to be accessed by any third party.

**ANSWER:**  TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

13.   Said redaction requirement was part of the Fair and Accurate Credit Transaction Act (FACTA) of 2003.

**ANSWER:**  TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

14.   The legislative purpose of such redaction requirement was to protect the consumer's privacy and Social Security Number from third parties and/or dumpster divers who might view the consumer's Social Security Number information on the consumer report.

**ANSWER:**  TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

15.   Such legislative purpose is also exemplified in 15 USC [sic] 1681c(g), which was also part of the FACTA of 2003.  15 USC [sic] 1681c(g) requires merchants to redact all but the last 5 digits of a consumers' [sic] bank or credit card number on a receipt at the point of sale.  Even the expiration date must be redacted.  This is true even when such receipt is given directly to the consumer, and not intended to be accessed by any third party.

**ANSWER:**  TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

16.   The purpose of 15 USC [sic] 1681c(g) was to protect consumers from unintended persons who may view or "dumpster dive" for the consumers' credit card or bank transaction receipts.

**ANSWER:**  TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

17.  15 USC [sic] 1681c(g) and 15 USC [sic] 1681g(a)(1)(A) have similar purposes in their redaction requirements to protect consumers' personal information from third parties who may view or obtain such consumers' personal account or Social Security information.

**ANSWER:**  TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

18.   Defendant sent Plaintiff consumer disclosures that did not have the first five digits of Plaintiff's Social Security number redacted.   Plaintiff's full Social Security number was conspicuously printed by Defendant on Plaintiff's consumer disclosure on or about the following dates.  [sic]

**ANSWER:**  TURSS states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

19.   Defendant(s) breached its duty to Plaintiff under 15 USC [sic] 1681g(a)(1)(A) by failing to redact the first five digits of Plaintiff's Social Security Number on Plaintiff's consumer disclosure after having been specifically requested in writing by Plaintiff to do so.

**ANSWER:**  TURSS denies the allegations contained in this paragraph.

**LIABILITY**

20.  The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

**ANSWER:**  TURSS reasserts its answers and responses set forth herein.

21.  It is believed and averred that the acts committed by Defendant(s'), were willful, wanton, and intentional.

**ANSWER:**  TURSS denies the allegations contained in this paragraph.

22.  Defendant is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant(s).

**ANSWER:**  TURSS denies the allegations contained in this paragraph.

23.  In the alternative, Defendant is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

**ANSWER:**  TURSS denies the allegations contained in this paragraph.

24.  Any mistake made by Defendant would have included a mistake of law.

**ANSWER:**  TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

25.  Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

**ANSWER:**  TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## JURISDICTION

26.  The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

**ANSWER:**  TURSS reasserts its answers and responses set forth herein.

27.  The previous paragraphs of this Complaint are incorporated by reference.

**ANSWER:**  TURSS reasserts its answers and responses set forth herein.

28.  Defendant may be personally served in this jurisdiction because Defendant regularly conducts business in this jurisdiction and avails itself of the market forces in this jurisdiction.

**ANSWER:**  TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

29.  A Federal Court has Federal question jurisdiction pursuant to 28 USC 1331,15 USC [sic] 1692, et. seq. and 15 USC [sic] 1681 et. seq.

**ANSWER:**  TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

30.  A plaintiff invoking federal jurisdiction under Article III of the U.S. Constitution bears the burden of showing a "concrete injury" or a "concrete harm."  See Spokeo v. Robbins U.S. Supreme Court Opinion of the Honorable Justice Samuel Alito, 13-1119 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992).

**ANSWER:**  TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

31.  In order to demonstrate a "concrete harm" plaintiff must show that he or she suffered "an invasion of a legally protected interest."

**ANSWER:** TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

32.  A "concrete" injury need not be a measurable or "tangible" injury.  Although tangible injuries are perhaps easier to recognize, intangible injuries can nevertheless be concrete.  See Spokeo v. Robbins U.S. Supreme Court opinion of the Honorable Justice Samuel Alito, 13-1119 (2016), and quoting Pleasant Grove City v. Summum, 555 U.S. 460 (2009).  Also see Spokeo v. Robbins U.S. Supreme Court concurring Opinion of the Honorable Justice Clarence Thomas, 13-1119 (2016).

**ANSWER:** TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

33.  To determine if an injury is "concrete," the judgment of Congress is not dispositive, but is instructive.  Congress is well positioned to identify intangible harms that meet minimum Article III requirements.  The violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact.  See Spokeo v. Robbins U.S. Supreme Court opinions of the Honorable Justice Samuel Alito and the Honorable Clarence Thomas, 13-1119 (2016).

**ANSWER:** TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

34.  Congress can create new private causes of action to vindicate private or public rights and can authorize private plaintiffs to sue based simply on the violation of those private rights.  A Plaintiff seeking to vindicate a statutorily created private right need not allege actual harm beyond the invasion of that private right; see Spokeo v. Robbins, 13-1119 (2016), Opinion of the

Honorable Justice Clarence Thomas quoting Warm v. Seldin, 422 U. S. 490, 500 (1975) and also quoting Havens Realty Corp. v. Coleman, 455 U. S. 363, 373-374(1982).

**ANSWER:**  TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

35.  Congress envisioned the need to provide consumers the tools to research, guard and assist in maintaining their personal data gathered and distributed by consumer reporting agencies such as Defendant(s) in this case.  One of those tools is the ability to safeguard one's personal identity by instructing a consumer reporting agency to redact the first five digits of the consumers Social Security number on the consumer report, pursuant to 15 USC [sic] 1681 et seq.

**ANSWER:**  TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

36.  Even the risk of a harm, not yet manifested can be a "concrete harm."  See Spokeo v. Robbins U.S. Supreme Court opinion of the Honorable Justice Samuel Alito, 13-1119 (2016). Plaintiff's risk of having her Social Security number compromised is a "concrete harm" as referred to in the Spokeo decision.

**ANSWER:**  TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

37.  Plaintiff suffered an actual concrete injury when Defendant repeatedly and willfully refused to redact the first five digits of Plaintiff's Social Security number on Plaintiff's consumer disclosure.

**ANSWER:**  TURSS denies the allegations contained in this paragraph.

38.   Plaintiff regularly and continuously monitors the information in his consumer file maintained by Defendant because Plaintiff believes that it is wise for Plaintiff to do so as a consumer.

**ANSWER:** TURSS states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

39.  Plaintiff suffered an actual concrete injury when Defendant willfully refused to redact the first five digits of Plaintiff's Social Security number on Plaintiff's consumer disclosure. Plaintiff's concrete injury includes but is not limited to the following.

a.  The harm that Plaintiff suffered is because Plaintiff must now live in anticipation and apprehension that each time Plaintiff requests Plaintiff [sic] consumer disclosure from Defendant, Plaintiff's Social Security number will not be redacted.

b.  Plaintiff lives with such harmful apprehension and anticipation that Defendant will unlawfully about [sic] Plaintiff's Social Security number being unlawfully printed because it is a well known fact that Defendant has repeatedly refused to redact the Social Security number of other consumers, totaling at least over half a dozen.

c.  Plaintiff no longer has the freedom to request Plaintiff's consumer disclosure from Defendant without worrying whether Defendant will or will not unlawfully print Plaintiff's full Social Security number on the disclosure.

d.  Plaintiff has suffered a concrete injury or harm because Plaintiff no longer has the freedom to request Plaintiff's consumer disclosure from Defendant without worrying [sic] dumpster divers accessing the disclosure.

e. Plaintiff has suffered a concrete injury or harm because Plaintiff no longer has the freedom to request Plaintiff's consumer disclosure from Defendant without worrying [sic] unauthorized third parties accessing the disclosure.

**ANSWER:**  TURSS denies the allegations contained in this paragraph, including its subparts.

40.  Plaintiff reasonably believes and avers that Plaintiff will be continually subject to Defendant's unlawful business practices of failing and refusing to properly redact Plaintiff's Social Security number on Plaintiff's consumer disclosure every time Plaintiff obtains Plaintiff's disclosure.  Such reasonable belief is based on other past instances not mentioned above in this lawsuit where Plaintiff's full Social Security number was illegally printed on Plaintiff's consumer disclosure.

**ANSWER:**  TURSS denies the allegations contained in this paragraph.

41.  The willfulness of Defendant's violation of the redaction requirement of 15 USC [sic] 168lg is exemplified by the fact that Defendant has repeatedly committed similar violations to other consumers, over 19 in the last two years.  Similarly situated consumers requested their disclosures and Defendant refused to redact the consumer disclosures of such similarly situated consumers totaling over 19 in the last two years.

**ANSWER:**  TURSS denies the allegations contained in this paragraph.

42.  Plaintiff should not be forced to choose between protecting Plaintiff's identity and obtaining his consumer disclosure.

**ANSWER:** TURSS denies that it violated the FCRA (or any other law).  TURSS states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

43.   Plaintiff has suffered a concrete harm by Defendant's willfully an [sic] repeated unlawful business practice of refusing to properly redact Plaintiff's consumer disclosure.

**ANSWER:**  TURSS denies the allegations contained in this paragraph.

44.   A key factor that the Court should apply in determining Defendant's actions to be a "concrete harm" should be the willful nature of Defendant's conduct and Defendant's blatant and flagrant refusal to give Plaintiff a copy of Plaintiff's consumer file.

**ANSWER:**  TURSS denies that it violated the FCRA (or any other law).  TURSS states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

45.   Defendant's flagrant flaunting of the law of both 15 USC [sic] 1681g was willful and dangerous thus manifesting a "concrete harm" to not only the Plaintiff but other consumers deprived of statutory conferred rights, including the right to receive one's consumer file, the right to dispute information therein and the right to know what rights the consumer had under the FCRA.

**ANSWER:**  TURSS denies the allegations contained in this paragraph.

46.   Defendant's flaunting of the law puts Plaintiff at a continued a [sic] repeated risk of identity theft by printing Plaintiff's entire Social Security number on Plaintiff's consumer disclosure which could be mis-delivered, intercepted or seen by unauthorized third parties.

**ANSWER:**  TURSS denies the allegations contained in this paragraph.

47.   No rational interpretation of Article 3 of the U.S. Constitution or the aforementioned Spokeo Decision, would allow for a CRA to withhold pertinent information required under 15 USC [sic] 1681a from a consumer, and then simply claim that there was no standing under Article 3.

**ANSWER:**  TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

**VENUE**

48.  The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

**ANSWER:**  TURSS reasserts its answers and responses set forth herein.

49.  The previous paragraphs of this Complaint are incorporated by reference.

**ANSWER:**  TURSS reasserts its answers and responses set forth herein.

50.  Venue may be proper in this District pursuant to 28 USC [sic] 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this jurisdiction.

a.  Defendant was obligated to mail Plaintiff's disclosure to Plaintiff's mailing address in this jurisdiction pursuant to 15 USC [sic] 1681g et seq., and because Defendant did not do so, a substantial portion of Defendant's omissions occurred in this jurisdiction.

b.  Plaintiff mailed Plaintiff's requests [sic] Plaintiff's consumer disclosures from this jurisdiction, thus incurring costs and effort in this jurisdiction.  Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction.

c.  A substantial amount of the information contained in Plaintiff's consumer file pertained to this jurisdiction.  Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction.

d.  A substantial amount of the information contained in Plaintiff's consumer file was compiled in this jurisdiction.  Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction.

e.  Defendant apparently mailed Plaintiff the consumer disclosures depicted in the attached exhibits from this Jurisdiction.  See **attached exhibits** which show a mailing address for Defendant in Woodlyn, PA which is located in this Jurisdiction.

f.  Plaintiff's attorney's fees in this fee shifting case, pursuant to 15 USC [sic] 1681n, occurred in this jurisdiction.  Therefore a substantial portion of the events giving rise this cause of action occurred in this jurisdiction.

g.  Plaintiff's suffered, confusion, frustration and emotional distress which is recoverable pursuant to 15 USC [sic] 1681o as a result of Defendant's omissions.  Therefore, a substantial portion of the omissions giving rise this cause of action occurred in this jurisdiction.

**ANSWER:**  TURSS states that the documents identified as "attached exhibits" speak for itself.  TURSS denies that it violated the FCRA (or any other law).  TURSS states that the remaining allegations of this paragraph, including its subparts, are legal conclusions and, so stating, denies them.

51.  Venue is proper in this jurisdiction because key witnesses involved in the case are located at or near this jurisdiction.  Such witnesses including but not limited to the following.

a.  Plaintiff.

b.  Similarly situated consumers in this jurisdiction whose rights were also violated by Defendant in a similar manner when such consumers requested information from Defendant about who had received their consumer reports, and Defendant also denied such consumers requests.  Such witnesses' testimonies are relevant to show willful conduct by Defendant.

**ANSWER:**  TURSS states that the allegations of this paragraph, including its subparts, are legal conclusions and, so stating, denies them.

**DAMAGES**

52.  The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

**ANSWER:**  TURSS reasserts its answers and responses set forth herein.

53.  Plaintiff believes and avers that Plaintiff is entitled to at least $ 1.00 actual damages for Plaintiff, including but not limited to phone, fax, stationary, postage, etc.

**ANSWER:**  TURSS denies the allegations contained in this paragraph.

54.  Plaintiff believes and avers that she is entitled to $1,000.00 statutory damages pursuant to 15 USC [sic] 1681 et. seq.

**ANSWER:**  TURSS denies the allegations contained in this paragraph.

55.  Plaintiff believes and avers that Defendant(s') conduct was willful, wanton, and intentional, and therefore Plaintiff requests punitive damages.

**ANSWER:**  TURSS denies the allegations contained in this paragraph.

56.  Plaintiff requests punitive damages against Defendant(s) in the amount to be determined by this Honorable Court.

**ANSWER:**  TURSS denies the allegations contained in this paragraph.

57.  For purposes of a default judgment, Plaintiff believes and avers that the amount of such punitive damages should be no less than $9,000.00 because Defendant(s') actions have the effect of potentially compromising the integrity and security of Plaintiff's personal information.

**ANSWER:**  TURSS denies the allegations contained in this paragraph.

58.  For purposes of a default judgment, Plaintiff believes and avers that the amount of such punitive damages should be no less than $9,000.00 because Defendant(s') actions had the effect of compromising the integrity of 15 USC [sic] 1681 et. seq.

**ANSWER:**  TURSS denies the allegations contained in this paragraph.

59.  Plaintiff believes and avers that punitive damages are warranted due to the willful and wanton nature of the violation as evidenced by the following.

a.  Plaintiff's request letters specifically asked that Plaintiff's Social Security number be redacted, the request letters were in 14 point bold font.

b.  Numerous other similarly situated consumers, totaling more than 10, were also subject to similar misconduct by Defendant.  Their un-redacted Social Security numbers were also illegally printed by Defendant(s) in the same manner and under similar circumstances as with Plaintiff.

c.  Plaintiff requested that Plaintiff's Social Security number be redacted on separate occasions, and Plaintiff's full Social Security number was subsequently unlawfully printed by Defendant on four occasions listed above.

d.   Upon information and belief, at all relevant times mentioned in this Complaint Defendant had no policy in effect to redact the first five digits of Social Security number of consumers when asked by the consumers.

**ANSWER:**  TURSSS denies the allegations contained in this paragraph, including its subparts.

## ATTORNEY FEES

60.  The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

**ANSWER:**  TURSS reasserts its answers and responses set forth herein.

61.  Plaintiff is entitled to reasonable attorney fees pursuant to 15 USC [sic] 1681 et. seq.

**ANSWER:**  TURSS denies the allegations contained in this paragraph.

62.  Plaintiff believes and avers that the value of Plaintiff's attorney fees is no less than $350 per hour, or other amount determined by this Honorable Court.

**ANSWER:**  TURSS denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against TURSS.  TURSS states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

63.  Plaintiff believes and avers that the value of Plaintiff's attorney fees is no less than $1,750.00 at a rate of $350.00 per hour, enumerated below, or such other amount determined by this Honorable Court.

| | |
|---|---|
| a.  Consultation with client and review of file | 1 |
| b.  Drafting, editing, review, filing and<br>    service of complaint and related documents | 3 |
| c.  Follow up contact with Defense and client | 2 |

6 x $350 = $2,100

**ANSWER:**  TURSS denies the allegations contained in this paragraph.

64.  Plaintiff's attorney fees continue to accrue as the case move forward.

**ANSWER:**  TURSS denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against TURSS.

65.  The above stated attorney fees are for prosecuting this matter and reasonable follow up.

**ANSWER:**  TURSS denies the allegations contained in this paragraph.

## OTHER RELIEF

66.  The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

**ANSWER:**  TURSS reasserts its answers and responses set forth herein.

67.  Plaintiff seeks and [sic] Order from this Honorable Court, or other Court of competent jurisdiction, directing Defendant(s) to provide Plaintiff with her credit report once per year, free of charge.

**ANSWER:**  TURSS denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against TURSS.

68.  Plaintiff requests a jury trial in this matter [sic]

**ANSWER:**  TURSS denies that the statements contained in this paragraph require a response from TURSS.

69.  Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

**ANSWER:**  TURSS denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against TURSS.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $12,101.00 as enumerated below.

$1.00 more or less actual damages.

$1,000.00 statutory damages pursuant to 15 USC [sic] 1681 et. seq.

$2,100.00 attorney fees

$9,000 punitive damages

————————————————————

$12,101.00

**ANSWER:**  TURSS denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against TURSS.

Plaintiff seeks such additional relief as the Court deems just and proper.

**ANSWER:**  TURSS denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against TURSS.

### AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim against TURSS upon which relief may be granted.

2.      Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3.      TURSS's reports concerning Plaintiff were true or substantially true.

4.      TURSS has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6.      Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7.      At all relevant times, TURSS acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8.      Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9.      Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10.     Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11.     Plaintiff's damages are the result of acts or omissions committed by the other parties over whom TURSS has no responsibility or control.

12.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom TURSS has no responsibility or control.

13.     Any claim for exemplary or punitive damages asserted by Plaintiff violates TURSS's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14.     TURSS reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union Rental Screening Solutions, Inc., by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union Rental Screening Solutions, Inc. be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Date:  <u>March 29, 2019</u>                                        Respectfully submitted,


                                                            <u>*/s/ Casey Green*</u>
                                                            Casey B. Green, Esq.
                                                            Sidkoff, Pincus & Green, P.C.
                                                            2700 Aramark Tower
                                                            1101 Market Street
                                                            Philadelphia, PA  19107
                                                            Ph: (215) 574-0600  Fax: (215) 574-0310
                                                            E-Mail:  cg@sidkoffpincusgreen.com

*Counsel for Defendant TransUnion Rental
Screening Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **29th day of March, 2019**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| Vicki Piontek, Esq. Vicki.piontek@gmail.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **29th day of March, 2019** properly addressed as follows:

| None. | |

/s/ Casey Green
Casey B. Green, Esq.
Sidkoff, Pincus & Green, P.C.
2700 Aramark Tower
1101 Market Street
Philadelphia, PA  19107
Ph:  (215) 574-0600  Fax:  (215) 574-0310
E-Mail:  cg@sidkoffpincusgreen.com

*Counsel for Defendant TransUnion Rental Screening Solutions, Inc.*